IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LARRY KEENE KEETON, ID # 1085942,   )
            Petitioner,           )
                                  )
vs.                              )         No. 3:03-CV-2914-P
                                  )
DOUGLAS DRETKE, Director,         )
Texas Department of Criminal        )
Justice, Correctional Institutions Division,   )
            Respondent.        )

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementa-tion thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

A.  Nature of the Case

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction for theft in Cause No. F01-56785-NP. Respondent is Douglas Dretke, Director of TDCJ-CID.

B.  Procedural and Factual History

On September 14, 2001, the State indicted petitioner for a theft offense. TR[1] at 2. The indictment contained two enhancement paragraphs alleging prior felony convictions – a 1985 drug

---

[1]  "TR" refers to the state trial record in Cause No. F01-56785-NP.

conviction and a 1974 burglary conviction.[2]  *Id.* at 4.  On February 14, 2002, petitioner pled guilty

to the theft charge and true to both enhancement paragraphs in the indictment.  *Id.* at 9-10.  On

that same date, the trial court entered judgment on the plea and sentenced petitioner to twelve years

imprisonment.  *Id.* at 12; *accord* RR-Plea[3] at 25.  On August 14, 2002, the court of appeals found

that petitioner voluntarily pled guilty and affirmed his conviction.  *Keeton v. State*, No. 05-02-00347-

CR, 2002 WL 1857649, at *1 (Tex. App. – Dallas Aug. 14, 2002, no pet.).

On August 11, 2003, petitioner filed a state application for writ of habeas corpus.  S.H. Tr.[4]

at 2.  On November 5, 2003, the Texas Court of Criminal Appeals denied the application without

written order.  *Ex parte Keaton*, No. 57,130-01, slip op. at 1 (Tex. Crim. App. Nov. 5, 2003.)

On November 27, 2003, petitioner filed the instant petition for federal habeas relief.  (*See*

Pet. at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners

file their federal pleadings when they place them in the prison mail system).  Respondent thereafter

filed an answer and provided the state-court records.  Petitioner subsequently filed an objection to

that answer.

---

[2]  Petitioner had also been convicted of theft offenses in 1991 and 1993.

[3]  "RR-Plea" refers to the Reporter's Record of the plea and sentencing hearings.

[4]  "S.H. Tr." refers to the state habeas records attached to *Ex parte Keaton*, No. 57,130-01, slip op. (Tex. Crim. App. Nov. 5, 2003.)  Some court documents, including the order denying habeas relief, misspell petitioner's name as "Keaton."  The Court will generally utilize the correct spelling except when citing specifically to an order using the misspelling.

**C.  Substantive Issues**

Petitioner claims that he received ineffective assistance of counsel at sentencing when his attorney failed to challenge the proof of the enhancement paragraph for the 1974 burglary conviction and advised him to plead true to that enhancement paragraph.  (Pet. at 7(a).)  He claims that such advice rendered his plea of true to that enhancement paragraph involuntary.  (*Id.*)  He also claims that his sentence is void because it exceeds the statutory maximum.  (*Id.*)

**D.  Exhaustion**

Respondent concedes that petitioner has exhausted the claims presented in this action because he raised them in his state application for writ of habeas corpus.  (Answer at 1.)

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, the denial of petitioner's state writ constitutes an adjudication on the merits. *See Ex parte Thomas*, 953 S.W.2d 286, 288-89 (Tex. Crim. App. 1997) (holding that a denial, rather than a dismissal, signifies an adjudication on the merits). Thus, the AEDPA standards enumerated in 28 U.S.C. § 2254(d) apply.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

4

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000).  Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'"  *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000).  The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

With these AEDPA standards in mind, the Court proceeds to address the merits of petitioner's various claims.

### III.  VOLUNTARINESS OF PLEA OF TRUE

In this case, petitioner pled guilty to the single charge against him, and true to the paragraphs used to enhance his sentence as a habitual offender.  The court of appeals specifically found that petitioner voluntarily pled guilty, *Keeton v. State*, No. 05-02-00347-CR, 2002 WL 1857649, at *1 (Tex. App. – Dallas Aug. 14, 2002, no pet.), and petitioner does not challenge the voluntariness of his guilty plea.  Instead, he challenges the voluntariness of his plea of true to the 1974 enhancement paragraph.  In view of this specific challenge, the Court addresses this issue before addressing petitioner's other substantive claims.

The United States Supreme Court has not addressed the voluntariness of pleas of true.  The Fifth Circuit, however, has employed a "framework" similar to that set forth in  *Boykin v. Alabama*,

395 U.S. 238, 242-43 (1969)[5] "in rejecting challenges to enhancement pleas[[6]] on the ground that the 'totality of the circumstances' in the record demonstrated that the plea was voluntary and intelligent." *See Holloway v. Lynaugh*, 838 F.2d 792, 793 (5th Cir. 1988), *accord Swift v. Lynn*, 870 F.2d 1039, 1042 (5th Cir. 1989); *Joseph v. Butler*, 838 F.2d 786, 791 (5th Cir. 1988).  In *Holloway*, the Fifth Circuit declined to apply *Boykin* "'literally' to enhancement pleas because the defendant does not possess the 'full panoply of due process and other constitutional protections which attend the determination of guilt or innocence;'" nevertheless, it looked to the "totality of the circumstances" to determine whether the plea of true to enhancement paragraphs was voluntary and intelligent. 838 F.2d at 793-94 (quoting *Buckley v. Butler*, 825 F.2d 895, 902-03 (5th Cir. 1987)), *accord Joseph*, 838 F.2d at 791.  Subsequent to *Holloway*, the Fifth Circuit held that courts should examine the totality of the circumstances in determining whether a prisoner has involuntarily entered a plea of true to enhancement paragraphs.  *See Ellis v. Lynaugh*, 883 F.2d 363, 365 (5th Cir. 1989).  Utilizing this standard, the Court determines whether petitioner voluntarily pled true to the enhancement paragraph concerning the 1974 conviction.

In this case, petitioner appeared before the trial judge on February 14, 2002, pled guilty to theft as set out in the indictment and true to both enhancement paragraphs of the indictment, and was sentenced to twelve years.  *See* RR-Plea at 1, 11.  With respect to his pleas of true, petitioner signed a plea agreement which states that he pleads true to the enhancement paragraphs in the

---

[5]  "*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 368 n.22 (5th Cir. 2000).  *Boykin* also sets out "the contemporary standards for plea bargain admonishments."  *See United States v. Barlow*, 17 F.3d 85, 89 (5th Cir. 1994).

[6]  An enhancement plea is when a defendant pleads true to prior convictions that result in an enhanced sentence on the current conviction.  *Holloway*, 838 F.2d at 793.

6

charging instrument and judicially confesses that he is "the same person who was previously duly and legally convicted fo the offense(s) alleged therein." TR at 10. The plea agreement explains various admonitions of the court and petitioner's waivers. *Id.* at 9-10. The acknowledgment section of the plea agreement states: "I have read and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are freely and voluntarily made with full understanding of the consequences." *Id.*

Before the trial court accepted petitioner's guilty plea and pleas of true, the court examined petitioner as to their voluntariness. *See* RR-Plea at 7-15. Petitioner indicated that he understood the charge against him and the plea agreement that he signed. *Id.* at 7, 14. He indicated that he "freely and voluntarily" signed the document. *Id.* at 8, 15. He indicated that he understood his right to plead not true to the enhancement paragraphs and make the State prove that he is "the same person who was convicted in those cases." *Id.* at 9. He indicated that he understood the increased punishment range he could receive upon a finding that the enhancement paragraphs are true. *Id.* at 9-10. He indicated that he understood that the court would determine his punishment within the applicable range of punishment, *i.e.*, between two and twenty years upon finding the enhancement paragraphs true. *Id.* at 10. He indicated that no one had promised him probation or any particular sentence in this case. *Id.* at 10-11. He stated that he was pleading true "freely and voluntarily", that no one forced or coerced him to plead true, and that no one promised him anything to make him plead true. *Id.* at 12. He stated that he was pleading true to the allegations in the [enhancement] paragraphs of the indictment because they are true and for no other reason." *Id.* He admitted that he is "one in the same person who was convicted" of the offenses set forth in the enhancement paragraphs, and that the allegations of those paragraphs are "true and correct." *Id.* at 13. Based

7

upon the statements of petitioner and his signed plea agreement, the trial court found that he freely and voluntarily pled true to the enhancement paragraphs. *Id.* at 24.

Petitioner now claims that his plea of true to one enhancement paragraph was involuntary because he was induced into pleading guilty by his attorney's erroneous advice that he had no basis to challenge the enhancement paragraphs. Such claim is unsupported by the record and contradicts his statements in open court that his pleas were voluntary. *See* RR-Plea at 6-15. Such claim also contradicts his signed plea agreement and judicial confession that his statements and waivers were made "freely and voluntarily." TR at 10. Petitioner has not overcome the presumption of verity accorded solemn declarations made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (holding that "[s]olemn declarations in open court carry a strong presumption of verity [and] [t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal"). He has not overcome the presumption of regularity and "great weight" accorded state-court records. *See Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that state-court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that state-court records "are entitled to a presumption of regularity").

Where, as here, n a criminal defendant pleads true to enhancement paragraphs on the advice of counsel and the sentencing hearing was held in a close temporal proximity to the guilty plea to the substantive offense in the same court, before the same judge, and with the same prosecutors and defense counsel, the *Boykin* requirements that are applicable in the enhancement context are met. *See Joseph v. Butler*, 838 F.2d 786, 791 (5th Cir. 1988). The totality of the circumstances reflects that petitioner had a clear understanding of the proceedings against him, the nature of the offense for which he was charged, and the consequences of entering his pleas. *See generally* TR at 9-10; RR-Plea

8

at 6-15.  Thus, his plea to the enhancements appears knowing, intelligent, and voluntary.  Unless petitioner's specific claims of ineffective assistance of counsel impacted his decision to plead true, the Court should find that petitioner entered his plea of true knowingly, intelligently, and voluntarily.

## IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner specifically alleges that his trial attorney rendered ineffective assistance by advising him to plead true to the enhancement paragraph for the 1974 conviction and failing to challenge the proof of the conviction.  (Pet. at 7(a).)  He further alleges that the combined effect of such failure and advice constitutes ineffective assistance of counsel.  (*Id.*)

A petitioner may challenge pleas of true to enhancement paragraphs on the ground that his or her attorney failed to provide reasonably competent advice.  *Joseph v. Butler*, 838 F.2d 786, 791 (5th Cir. 1988).  To successfully state a claim of ineffective assistance of counsel under existing precedent of the United States Supreme Court, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The *Strickland* test applies when a petitioner alleges he was denied effective assistance of counsel in the context of a guilty plea.  *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).  "[I]n a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error."  *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).  The test also applies to claims of ineffective assistance of counsel that allegedly render pleas of true to enhancement paragraphs involuntary.  *See Joseph*, 838 F.2d at 791.

A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696.  The Court may address the prongs in

any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000). To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. To satisfy this requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* To show prejudice in the sentencing context, he must demonstrate "a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh." *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993); *see also United States v. Grammas*, 376 F.3d 433, 438 n.4 (5th Cir. 2004) (holding that *Spriggs* survived *Glover v. United States*, 531 U.S. 198 (2001) in the § 2254 context). When a prisoner challenges a plea of true to enhancement paragraphs based upon ineffective assistance of counsel, the petitioner has the "burden to demonstrate a reasonable probability that, but for counsel's errors, he would not have admitted his prior convictions and would have demanded a trial on the multiple offender charge." *See Joseph v. Butler*, 838 F.2d 786, 791 (5th Cir. 1988). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96.

10

**A.  Advice to Plead True**

Petitioner complains that his attorney erroneously advised him that the 1974 burglary conviction could not be successfully challenged and that he should plead true to the enhancement paragraph concerning that conviction.  (Pet. at 7(a).)  Petitioner avers that he raised concerns about the validity of the 1974 conviction for purposes of enhancement, but his attorney advised him to plead true anyway.  *See* S.H. Tr. at 73.  Specifically, petitioner contends that the State would have been unable to prove that he committed the 1974 offense because the judgment for such offense contains no fingerprint or picture to connect him to the offense.  *Id.* at 82-86.  Petitioner further speculates that the State could not prove he was the person who committed the 1974 offense because the State had dropped such enhancement offense in a 1987 criminal action against him (Cause No. F-87-90382-JM).

The judgment of the 1974 conviction indeed contains no fingerprint or photographic identification of the named defendant in that action, Larry Keene Keeton.  *See id.* at 28.  However, there is no exclusive manner to prove a defendant's identity as to a prior conviction.  *Littles v. State*, 726 S.W.2d 26, 31 (Tex. Crim. App. 1984).  While the State most commonly proves identity between two crimes by matching known fingerprints of the defendant to the prior conviction, *see Zimmer v. State*, 989 S.W.2d 48, 51 (Tex. App. – San Antonio 1998, pet. ref'd), it may resort to a less common manner of proof, even one that may be viewed as "unorthodox", *see Littles*, 726 S.W.2d at 31-32.  By whatever manner, the State must provide sufficient, admissible independent proof that links the defendant to the prior conviction.  *Id.*; *Zimmer*, 989 S.W.2d at 51-52.  That the State decided to discontinue its use of the 1974 conviction to enhance the conviction in Cause No. F-87-90382-JM

does not necessarily mean that the State lacked sufficient admissible independent evidence to con-

nect petitioner to that conviction.

In support of this contention, petitioner's state habeas attorney submitted an affidavit in

which he avers:

> My review of the district clerk's file in F-74-06598-IK indicates that there are cur-
> rently no fingerprints or photographs included in such file.  My review of the pro-
> ceedings in F-87-90382-JM strongly suggests that there were no fingerprints or
> photographs in F-74-06598-IK available in 1987, and that such is the reason that the
> State abandoned the claim in 1987 in F-87-90382-JM that Larry Keene Keeton was
> the person convicted in F-74-06598-IK.

S.H. Tr. at 30.  However, the attorney's affidavit did not identify or attach any portion of the 1987

file which supports his speculation that the lack of fingerprints or photographs in the 1974 file  was

the reason that the State did not pursue the enhancement in the 1987 proceedings.  *Id.*  No affidavit

from any attorney involved with petitioner's 1987 case was provided to support this assertion; in fact,

habeas counsel's affidavit concedes that the attorney who represented petitioner during the appeal

of his 1987 conviction provided no information "to confirm that the State dropped the enhancement

allegation in the 1987 case . . . because the State could not prove identity".  *Id.*  The affidavit further

stated that the defense attorney and prosecutor in the 1987 case "might be able to provide testimony

or affidavit to clarify the State's motives for dropping the enhancement allegation", and that the

prosecutor in the 2001 theft case that resulted in the conviction challenged herein "might also be

able to provide relevant information."  *Id.*  Indeed, the prosecutor in the 2001 case filed an affidavit

in response to petitioner's state habeas application wherein she avers that had petitioner not plead

true, she would have "sought to prove" petitioner's 1974 conviction by requesting a penitentiary

packet related to such conviction or through a certified copy of the conviction, fingerprint proof,

date of birth, social security number, photograph, or book-in information.  *Id.* at 105.  Thus, notwithstanding the lack of photograph or fingerprint on the 1974 judgment, it appears that the State had other potential avenues by which it could link petitioner to the 1974 conviction.[7]

Petitioner has offered only speculation that the State actually dropped the 1974 enhancement in the 1987 case because it could not prove identity.  Without some evidence that the State could not prove identity, petitioner has not overcome the strong presumption that his attorney's advice falls within the wide range of reasonable assistance.  Given the wide range of avenues of proof that the State could have pursued in order to adequately connect petitioner to the prior offense, petitioner's attorney did not act unreasonably under the circumstances when he advised petitioner to plead true to a 1974 conviction against Larry Keene Keeton.  While petitioner did express some reservations about the State's use of the 1974 conviction to enhance his sentence, he ultimately chose to plead true to that enhancement paragraph.  The Court finds no ineffective assistance of counsel related to the advice to plead true.  Consequently, such advice did not render the plea of true involuntary.

## B.  Failure to Challenge Proof of Enhancement Conviction

Petitioner also claims that his attorney rendered ineffective assistance when he failed to challenge the proof of the 1974 conviction.  (Pet. at 7(a).)  However, by pleading true to the 1974 enhancement paragraph, petitioner conceded that he in fact had a prior conviction that could be used to enhance his sentence on the current conviction.  *See Holloway v. Lynaugh*, 838 F.2d 792, 793 (5th Cir. 1988).  By pleading true, he also waived any complaints about the validity of the prior

---

[7]  Notably, this is not a case where petitioner alleges that a different person committed the 1974 offense – he merely argues that the State could not have proved that he is the Larry Keene Keeton who committed that offense.

13

conviction. *Id.*; *Johnson v. Puckett*, 930 F.2d 445, 449-50 (5th Cir. 1991); *Zales v. Henderson*, 433 F.2d 20, 24 (5th Cir. 1970). By entering said plea in this case, petitioner waived his right to demand any evidence to sustain the enhancement paragraph. *See Long v. McCotter*, 792 F.2d 1338, 1341 (5th Cir. 1986) (reaffirming that "[a] plea of 'true' . . . relieves the State of its burden of proof"). Consequently, once petitioner voluntarily pled true to the 1974 enhancement paragraph, counsel had no basis to challenge the proof of the 1974 conviction. Therefore, failing to raise such challenge does not constitute deficient representation, and counsel did not render ineffective assistance when he failed to raise such challenge.

**C.  Combined Effect**

Petitioner also alleges that the combined effect of the advice to plead true and the failure to challenge the proof of the 1974 conviction constitutes ineffective assistance of counsel. (Pet. at 7(a).) Because the Court has found no deficiency of counsel related to the advice to plead true and the failure to challenge the proof of the 1974 conviction, the combined effect of such alleged deficiencies cannot equate to ineffective assistance of counsel. Before considering the combined effect of deficiencies of counsel the Court must find a deficiency of counsel. This claim entitles petitioner to no habeas relief.

To the extent the Court should construe this claim as an assertion of cumulative error, the claim also entitles petitioner to no habeas relief. Although the Fifth Circuit has recognized the concept of cumulative error, it specifically held that

> federal habeas corpus relief may only be granted for cumulative errors in the conduct of a state trial where (1) the individual errors involved matters of constitutional dim-

14

ension rather than mere violations of state law; (2) the errors were not procedurally
defaulted for habeas purposes; and (3) the errors "so infected the entire trial that the
resulting conviction violates due process."

See *Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992) (en banc) (quoting *Cupp v. Naughten*,

414 U.S. 141, 147 (1973)). The court stressed that "any cumulative error theory must refer only to

errors committed in the state trial court. A habeas petitioner may not just complain of unfavorable

rulings or events in the effort to cumulate errors." *Id.* at 1458. In this instance, petitioner merely

complains about unfavorable events that do not individually or in combination amount to ineffective

assistance of counsel. Under the cumulative error concept, petitioner simply has nothing to cumu-

late. *Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993). A claim of cumulative error thus entitles

him to no habeas relief.

## V.  VOID SENTENCE

Petitioner lastly claims that his sentence is void because it exceeds the statutory maximum.

(*See* Pet. at 7(a).) He contends that the theft charge was only punishable as a state jail felony and

thus had a maximum sentence of two years. (*Id.*) This claim is simply a twist on the alleged invalid

enhancement of his sentence. Because the trial court properly enhanced petitioner's sentence on

his voluntary pleas of true to the enhancement paragraphs, petitioner was not sentenced above the

statutory maximum sentence. This claim entitles petitioner to no habeas relief.

## VI.  STATE-COURT CONSIDERATION

Petitioner raised each of the foregoing claims in his state writ. The Texas Court of Criminal

Appeals denied that writ and thus adjudicated the claims on the merits. The decision of the state

court with respect to petitioner's claims appear consistent with Supreme Court precedent. The

decision involved no unreasonable application of Supreme Court precedent. The adjudication of

15

these claims did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented to the state court.

## VII.  EVIDENTIARY HEARING

Upon review of the petition and answer filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## VIII.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**SIGNED this 18th day of November, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE